**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PAULETTE ALLEN, | |
| Plaintiff, | |
| v. | No. 13 C 9181<br>Judge James B. Zagel |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Paulette Allen ("Allen") brings this action under 42 U.S.C. § 405(g), seeking reversal or remand of the decision by Defendant Carolyn W. Colvin, Commissioner of Social Security ("Commissioner" or "SSA"). This matter is now before the court on Allen's motion for summary judgment.

### BACKGROUND

Allen applied for disability insurance benefits on February 6, 2011, alleging an onset of March 1, 2006. Allen's claim was denied on May 13, 2011, and upon reconsideration on August 2, 2011. On July 3, 2012, Allen appeared and testified before Administrative Law Judge ("ALJ") Steven H. Templin. Allen, some family members, a non-examining psychological medical expert ("O'Brien"), and a vocational expert ("Tansey") all testified at the hearing. Both experts have Ph.D.s. On September 7, 2012, the ALJ issued an unfavorable decision. This decision became final when the Appeals Council declined to review it on November 7, 2013. *See Zurawski v. Halter*, 245 F.3d 881, 883 (7th Cir. 2001). Allen then filed this action.

At the hearing, Allen's principal witness was Dr. Heather Stewart, a Ph.D. psychologist, who had treated her on a weekly basis since late 2008. Stewart diagnosed major depressive

1

disorder, recurrent and moderate severity. Treatment, Stewart concluded, was needed to mediate symptoms. There was a secondary diagnosis of post-traumatic stress disorder. No party contends that Allen's mental conditions were fully alleviated, and no party contends that her mental conditions had significantly worsened. These medical impairments limit the kinds of employment that are suitable for Allen, and the ALJ found that Allen could not perform any of her past relevant work. The issue is whether Allen has the residual functional capacity ("RFC") to perform work that exists in a significant quantity in the national economy. On this issue, the SSA bears the burden of proof.

Drs. O'Brien and Stewart came to different conclusions about Allen's ability to work. The ALJ credited the opinion of O'Brien and not that of Stewart. The ALJ did assess RFC, and Allen's counsel concluded the ALJ erred, partly because of a heavy reliance on work performed in the family business, work which is not ordinarily presumed to be the equivalent of employment outside the family. The ALJ's finding that Allen was not wholly credible was also criticized by Allen's counsel.

## LEGAL STANDARD

In this case, a district court judge does not reconsider the disability claim. The merits of the evidence or its conflicts or the credibility of the witnesses are the province of the Commissioner and the ALJ. A district court judge only decides whether the ALJ's conclusions were supported by enough evidence and were not based upon errors of law.

Specifically, the court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is more than a scintilla of evidence and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Diaz v.*

2

*Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In making this substantial evidence determination, while the court must consider the entire administrative record, its review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). The court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Even when the record contains adequate evidence, the decision will not be upheld "if it lacks evidentiary support or an adequate discussion of the issues." *Id.*

The ALJ, however, must "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). At a minimum, the ALJ must "sufficiently articulate [her] assessment of the evidence to 'assure us that the ALJ considered the important evidence . . . [and to enable] us to trace the path of the ALJ's reasoning.' " *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (per curiam) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985)). If the decision lacks evidentiary support or an adequate discussion of the issues, it must be remanded. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010).

**DISCUSSION**

The ALJ considered the weight of Dr. Stewart's opinion and did not find that it controlled the outcome of his decision because there were inconsistencies between Stewart's opinion and her treatment records. Dr. O'Brien agreed with some of Stewart's opinion, which rested on record corroboration, but not all of it. O'Brien opined that Allen's mental status was shown to be "solid" in Stewart's records of Allen's treatment. In short, there was evidence that Allen's social and economic abilities, although limited, were adequate to be functional for certain kinds of work that exist in significant quantity.

There was disagreement among experts whether Allen had social anxiety disorder or anxiety arising as a result of her depressive disorder. The ALJ could and did side with the medical expert. Stewart found anxiety-related disorder as did both of the state agency physicians, despite the fact that O'Brien appears to stand alone on the ground that Allen did not have an anxiety disorder. The ALJ assessed the functional impairments of Allen and found that Allen could do unskilled work as that capacity is defined by federal regulation. The ALJ found that Allen was not entirely credible in her testimony on her use of certain medications though it now appears that the Acting Commissioner does not contend that Allen was willfully non-compliant in failing to take her prescribed medication.

As a general rule, the opinions of Stewart—who routinely examined Allen—should be given weight if they are not inconsistent with other substantial evidence. *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). If this is not done, however, the ALJ is required to justify his refusal, and this justification must be founded on close analysis of the extent and frequency of testing, treatment, the relationship of the psychologist and patient, the specialty of the expert, and the consistency and supportability of the expert opinion. I do not find this justification in the record.

Instead, the ALJ stated that Stewart's opinions were not consistent with "other substantial evidence in the record." More than this is required. *Hughes v. Astrue*, 705 F.3d 276, 278 (7th Cir. 2013). In its current form, it is difficult to discern what specific passages of Stewart's notes and opinions of others were relied upon by the ALJ to reach his conclusion that Stewart's views were not to be taken for their face value. It may be that the ALJ is completely correct in deciding that Stewart's findings are not to be relied upon, but specificity is needed and not found in the ALJ's written decision.

The ALJ did indicate that he found reasons not to credit Allen's testimony (and Stewart's as well) on some points. While it is often difficult for judges to specify the grounds of disbelief, it is required that they do so even though error is unavoidable and, at times, undetectable. Opinions of physical and mental difficulties can often be tested and so can testimony about life and its events. Judges, more than most other people, are practiced in the ability to identify what testimony they do or do not credit and why. They need to do this to reach judgment, and the parties need to know the specifics.

It is also unclear whether the ALJ properly assessed Allen's RFC. The medical expert appears to have reached a reasonable conclusion of what it is that Allen can do—routine and repetitive actions simple in nature. Whether the ALJ properly addressed Allen's moderate deficiencies in concentration, persistence, and pace as limiting Allen to work not requiring the ability to deal with the public, however, is an open question under Seventh Circuit caselaw. This question too should be answered and explained on remand.

## CONCLUSION

This case is remanded to the SSA for further proceedings consistent with this opinion.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: February 5, 2015